# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| **RONNIE CALTON,** | ) | **CASE NO. 5: 23 CV 1613** |
| | ) | |
| Petitioner, | ) | **JUDGE DAN AARON POLSTER** |
| | ) | |
| v. | ) | |
| | ) | **MEMORANDUM OF OPINION** |
| | ) | **AND ORDER** |
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| Respondent. | ) | |

*Pro se* petitioner Ronnie Calton has filed a Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241. (Doc. No. 1.) Petitioner was convicted in this Court in 2019, pursuant to a guilty plea, of being a felon in possession of a firearm and ammunition in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). *See United States v. Calton*, 5: 18 CR 592 (N.D. Ohio). He is serving a 77-month sentence and is currently incarcerated at Federal Correctional Institute McKean ("FCI McKean") in Bradford, Pennsylvania.

In his petition, petitioner contends his counsel was ineffective and his due process rights were violated because his counsel failed to failed to inform him "of his Constitutional Right under the Second Amendment "Right To Keep And Bear Arms.'" (Doc. No. 1. at 1.) He contends this deprived him of his constitutional right to a speedy trial and "the opportunity to present a defense" to the mens rea element of the crime of which he was convicted. (*Id.*) He

cites the Supreme Court's 2022 decision in *New York State Rifle & Pistol Association, Inc. v. Bruen*, 142 S. Ct. 2111 (2022). *Bruen* held that the Second and Fourteenth Amendments protect the right of an ordinary, law-abiding citizen to carry a handgun for self-defense outside the home. *Id*. at 2122.

Petitioner did not pay the filing fee and has now filed a motion to proceed *in forma pauperis.* (Doc. No. 3.) That motion is granted. For the reasons stated below, his petition is dismissed.

"A court, justice or judge entertaining an application for a writ of habeas corpus shall forthwith award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243. "Under this provision, the District Court has a duty to screen out a habeas corpus petition which should be dismissed for lack of merit on its face." *Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970). "No return is necessary when the petition is frivolous, or obviously lacking in merit, or where . . . the necessary facts can be determined from the petition itself without need for consideration of a return." *Id.*

It is evident from the petition that petitioner is not entitled to relief in this Court under § 2241.

A habeas petition under § 2241 "is appropriate for claims challenging the execution or manner in which the sentence is served," not for claims challenging the legality of a prisoner's conviction or sentence, which must be brought under 28 U.S.C. § 2255. *United States v. Peterman*, 249 F.3d 458, 461 (6th Cir. 2001). Only in very narrow circumstances may a prisoner may challenge the legality of his conviction or sentence under § 2241. To do so, he

must show that the remedy afforded under § 2255 is "inadequate or ineffective to test the legality of his detention." *Id*. This requires a prisoner to allege actual innocence based upon a new rule of law made retroactive by the Supreme Court. *Id*. at 461-62; *see also Townsend v. Davis*, 83 Fed. App'x 728, 729 (6th Cir. 2003) ("The only claim that this court has recognized as cognizable under § 2241 is a claim of actual innocence based upon a new rule of law made retroactive by a Supreme Court case."). *See also Hill v. Masters*, 836 F.3d 591, 594 (6th Cir. 2016).

Petitioner has not raised a claim of actual innocence or a claim based on a retroactively-applicable rule of Supreme Court law. *Breun* did not announce a new rule of law retroactively available on collateral review and does not demonstrate that petitioner is actually innocent of the crime of which he was convicted. Therefore, petitioner is not entitled to any relief by way of § 2241.

## Conclusion

Accordingly, the petition in this matter is denied and this action is dismissed pursuant to 28 U.S.C. § 2243. The Court further certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.

                                                            9/6/2023
DAN AARON POLSTER
UNITED STATES DISTRICT JUDGE